UNITED STATES DISTRICT COURT
WESTERN DISTRICT

| | |
|---|---|
| DEBBIE HANKS<br>Plaintiff | CIVIL ACTION NO: 6:18-cv-00906 |
| Versus | JUDGE: UNASSIGNED |
| STUDENT TRANSPORTATION SPECIALISTS LLC<br>Defendant | MAGISTRATE JUDGE: HANNA |

## ANSWER TO COMPLAINT

NOW INTO COURT, through undersigned counsel, comes STUDENT TRANSPORTATION SPECIALISTS LLC made defendant in the above-captioned matter, who, for answer to the Complaint, respectfully represents:

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted against STUDENT TRANSPORTATION SPECIALISTS LLC.

### SECOND DEFENSE

Plaintiff in this proceeding lacks procedural capacity to assert all or some of the claims set forth herein, having failed to demonstrate that she has exhausted the appropriate administrative remedies available to/required of her under Title VII. This Court is without jurisdiction to hear any claim or allegation not made the subject of a timely charge of discrimination filed with the Equal Employment Opportunity Commission, adequately investigated by the EEOC, made the subject of a reasonable cause determination by the EEOC, and made the subject of an attempted conciliation by that agency.

**THIRD DEFENSE**

AND NOW, answering each and every allegation of the original Plaintiff, Defendant, STUDENT TRANSPORTATION SPECIALISTS LLC, respectfully represents as follows:

1.

The allegations of Introductory Paragraph of the Complaint are denied.

2.

The allegations of Paragraph 1 of the Complaint contain a conclusion of law for which no response is necessary, but should a response be deemed necessary those allegations are denied.

3.

The allegations of Paragraph 2 of the Complaint contain a conclusion of law for which no response is necessary, but should a response be deemed necessary those allegations are denied.

4.

The allegations of Paragraph 3 of the Complaint are denied.

5.

The allegations of Paragraph 4 of the Complaint are denied.

6.

The allegations of Paragraph 5 of the Complaint are denied.

7.

The allegations of Paragraph 6 of the Complaint are denied.

8.

The allegations of Paragraph 7 of the Complaint are denied.

9.

The allegations of Paragraph 8 of the Complaint are denied.

10.

The allegations of Paragraph 9 of the Complaint are denied.

11.

The allegations of Paragraph 10 of the Complaint are denied.

12.

The allegations of Paragraph 11 of the Complaint are denied.

13.

The allegations of Paragraph 12 of the Complaint are denied.

14.

The allegations of Paragraph 13 of the Complaint are denied.

15.

The allegations of Paragraph 14 of the Complaint are denied.

16.

The allegations of Paragraph 15 of the Complaint are denied.

17.

The allegations of Paragraph 16 of the Complaint are denied.

18.

The allegations of Paragraph 17 of the Complaint are denied.

19.

The allegations of Paragraph 18 of the Complaint are denied.

20.

The allegations of Paragraph 19 of the Complaint are denied.

21.

The allegations of Paragraph 20 of the Complaint are denied.

22.

The allegations of Paragraph 21 of the Complaint are denied.

23.

The allegations of Paragraph 22 of the Complaint are denied.

24.

The allegations of Paragraph 23 of the Complaint are denied as written.

25.

The allegations of Paragraph 24 of the Complaint are denied.

26.

The allegations of Paragraph 25 of the Complaint are denied as written.

27.

The allegations of Paragraph 26 of the Complaint are denied.

28.

The allegations of Paragraph 27 of the Complaint are denied.

29.

The allegations of Paragraph 28 of the Complaint are denied.

30.

The allegations of Paragraph 29 of the Complaint are denied as written.

31.

The allegations of Paragraph 30 of the Complaint are denied.

32.

The allegations of Paragraph 31 of the Complaint are denied.

33.

The allegations of Paragraph 32 of the Complaint are denied.

34.

The allegations of Paragraph 33 of the Complaint do not call for a response, but should a response be deemed necessary those allegations are denied.

35.

The allegations of Paragraph 34 of the Complaint contain a conclusion of law for which no response is necessary, but should a response be deemed necessary those allegations are denied.

36.

The allegations of Paragraph 35 of the Complaint are denied.

37.

The allegations of Paragraph 36 of the Complaint are denied.

38.

The allegations of Paragraph 37 of the Complaint are denied.

39.

The allegations of Paragraph 38 of the Complaint are denied.

40.

The allegations of Paragraph 39 of the Complaint do not call for a response, but should a response be deemed necessary those allegations are denied.

41.

The allegations of Paragraph 40 of the Complaint contain a conclusion of law for which no response is necessary, but should a response be deemed necessary those allegations are denied.

42.

The allegations of Paragraph 41 of the Complaint are denied.

43.

The allegations of Paragraph 42 of the Complaint are denied.

44.

The allegations of Paragraph 43 of the Complaint are denied.

45.

The allegations of Paragraph 44 of the Complaint are denied.

46.

The allegations contained in the Requested Relief do not call for a response, but should a response be deemed necessary those allegations are denied.

**FOURTH DEFENSE**

AND NOW, FURTHER ANSWERING, Defendant denies any and all liability of whatsoever kind to DEBBIE H. HANKS, asserting that that at no time did Defendant act with the intent to discriminate, harass or retaliate against DEBBIE H. HANKS on any basis, for any reason. All employment actions taken by Defendant with regard to DEBBIE H. HANKS were taken based on sound business/professional decisions and non-discriminatory, non-retaliatory practices.

**FIFTH DEFENSE**

Any alleged employment practice complained of in the Complaint is neither unlawful nor discriminatory.

## SIXTH DEFENSE

At all times pertinent to this litigation, Defendant had in place adequate and appropriate policies and procedures designed to prevent and promptly correct discrimination or harassment of any kind, and these procedures were known to Plaintiff.

## SEVENTH DEFENSE

Plaintiff unreasonably failed to avail herself of complaint or grievance opportunities established by her employer.

## EIGHTH DEFENSE

Plaintiff is estopped by her own conduct from asserting all or some of the claims in the Complaint.

## NINTH DEFENSE

Plaintiff has failed to mitigate her damages.

## TENTH DEFENSE

Alternatively, Defendant contends that in the event its actions are found to have been the proximate cause of any injury to Plaintiff, which is at all times denied, such actions were accidental and/or inadvertent, without malice or intent to deprive Plaintiff of her rights.

## ELEVENTH DEFENSE

Defendant does hereby seek to avail itself of all ceilings and other limitations on damages afforded by law, including, but not limited to provisions of 42 USC 2000(e), et seq. and 42 USC 1981(a), et seq. and the exclusivity provisions of Louisiana law.

## TWELFTH DEFENSE

The claims of the Plaintiff are absolutely unfounded.  Defendant submits that the Plaintiff's claims are frivolous, groundless or unreasonable, and that the Defendant is entitled to an award of

all fees and costs incurred by them in this matter pursuant to 42 U.S.C. §1988.

## THIRTEENTH DEFENSE

Defendant further pleads comparative negligence, consent and/or other acts constituting fault or consent on the part of Plaintiff which bar any recovery herein, or alternatively, act as a diminution to any damages.

## FOURTEENTH DEFENSE

Plaintiff's claim is barred by laches.

## FIFTEENTH DEFENSE

All or some of Plaintiff's claims are barred by the applicable statutes of limitation.

## SIXTEENTH DEFENSE

Defendant affirmatively pleads and asserts that it is not liable for punitive damages because Defendant at all times relevant to this matter made a good-faith effort to comply with Title VII, and any action by any employee contrary to this effort was in violation of Defendant's policies and procedures.

## SEVENTEENTH DEFENSE

Plaintiff's claims for damages are subject to being offset by all amounts Ms. Hanks earned or could have earned with reasonable diligence subsequent to the date his employment with any defendant ended.

## EIGHTEENTH DEFENSE

Defendant reserves the right to amend/supplement this Answer as additional facts are revealed.

WHEREFORE, premises considered, Defendant, STUDENT TRANSPORTATION SPECIALISTS LLC, prays that this Answer be deemed good and sufficient and that after all due

proceedings had, there be judgment herein in favor of Defendant, and against Plaintiff, dismissing all claims of Plaintiff with full prejudice and at her sole cost, and that Defendant recovers costs and reasonable attorney fees for having to defend this action.

                          Respectfully Submitted:

                          ALLEN & GOOCH
                          A Law Corporation

                          */s/ Laura P. Johnson*
                          LAURA PRYOR JOHNSON(#34040)
                          2000 Kaliste Saloom Rd. Ste. 400 (70508)
                          P.O. Box 81129
                          Lafayette, LA  70598-1129
                          (337) 291-1690 (phone)
                          (337) 291-1695 (fax)
                          Attorney for STUDENT TRANSPORTATION
                          SPECIALISTS LLC

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 14th day of September, 2018, a copy of the foregoing was filed electronically on behalf of Defendant, STUDENT TRANSPORTATION SPECIALISTS LLC, with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all listed counsel of record by operation of the court's electronic filing system.

                          */s/ Laura P. Johnson*
                          LAURA PRYOR JOHNSON